Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2201 | **DATE** | 12/13/2004 |
| **CASE TITLE** | Lesley vs. IL Dept of Central Mgmt | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. For the reason stated in the attached memorandum opinion, defendant's motion to dismiss is granted in its entirety. All pending dates and motions are hereby stricken as moot. Terminating case. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | DEC 14 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | JXM | 18 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| HENRY R. LESLEY, | ) | **DOCKETED** |
| Plaintiff, | ) | DEC 1 4 2004 |
| v. | ) No. 04 C 2201 | |
| ILLINOIS DEPARTMENT OF CENTRAL MANAGEMENT SERVICES, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Illinois Department of Central Management Services' ("Department") motion to dismiss. For the reasons stated below we grant the motion to dismiss in its entirety.

## BACKGROUND

Plaintiff Henry Lesley ("Lesley") claims that he worked for the Department and that beginning on December 14, 2000, the Department discriminated against him because of his age, color, disability, and race. Specifically, Lesley alleged that the Department subjected him "to different term and condition [sic] of employment

1



because [he is] black." (Compl. Par. 13A). Lesley also alleges that he was given poor performance reviews and was held to "different standards of performance because [he is] black, while non-black employees" such as Pat Ferguson and Jim Gross "were not held to the same standards." (Compl. Par. 13B,C). Lesley also alleges that he was suspended and that he was disciplined in a manner that violated the Department's policy manual. (Compl. Par. D,E). In addition, Lesley claims that he was not promoted because his is "black, while non-black employees" such as Bob Lada and Jerry Tomey "were promoted to positions above their hiring date positions." (Compl. Par. 13F). Lesley also alleges that the Department terminated his employment and failed to reasonably accommodate his alleged disability. (Compl. Par. 12). Finally, Lesley claims that the Department retaliated against him because he filed charges of race discrimination by harassing him, filing false reports against him, violating the union management contract, and violating the "CMS policy manual rules." (Compl. Par. 12, 13D). Lesley, proceeding *pro se*, brought the instant action indicating in his complaint that he is bringing claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq, 42 U.S.C. § 1983 ("Section 1983"), and 42 U.S.C. § 1981 ("Section 1981").

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 445-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under current notice pleading standard in federal courts a plaintiff "need to plead facts that, if true, establish each element of a "cause of action.'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that a "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later."). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carter*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the

3

claim," *Id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claim." *Perkins*, 939 F.2d at 466-67.

## DISCUSSION

### I. Title VII, ADA, and ADEA Claims

The Department argues that Lesley's Title VII, ADA, and ADEA claims are time-barred. In Illinois, a Title VII plaintiff is required to "file a charge with the EEOC within 300 days of the alleged discrimination." *Bilow v. Much Shelist Freed Denenberg Ament & Rubenstein, P.C*, 277 F.3d 882, 892 (7th Cir. 2001). Likewise, for an ADA or ADEA claim a plaintiff must file "a charge of discrimination with the EEOC within 300 days of the alleged 'unlawful employment practice.'" *Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 637 (7th Cir. 2004)(quoting in part *Hamilton v. Komatsu Dresser Indus.*, 964 F.2d 600, 603 (7th Cir. 1992)). Also, a plaintiff is required to file a Title VII "suit within 90 days from the date the EEOC 'gives notice' of her right to sue." *Bobbitt v. Freeman Cos.*, 268 F.3d 535, 538 (7th Cir. 2001). The same requirement applies to ADA and ADEA claims. *See Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999)(stating that "[u]nder the ADA, ADEA, and Title VII, a plaintiff must file her suit within 90 days from the date the EEOC gives notice of the right to sue.").

Lesley's complaint contains a series of inconsistencies and inaccurate dates. However, since Lesley is proceeding *pro se*, we are required to liberally construe his pleadings. *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). Therefore, we shall infer that Lesley is bringing his action based on all of the charges attached to his complaint rather than solely based on the charge referenced in his complaint. Lesley alleges in his complaint that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on March 27, 2001, (Compl. Par. 7), and that he received his right to sue letter on December 31, 2003. (Compl. Par. 8). Lesley attached to his complaint the EEOC charge filed on March 27, 2001. (charge number 210A12489). However, the right to sue letter attached to the complaint that addresses the same EEOC charge (charge number 210A12489) indicates that the right to sue letter was issued on May 14, 2001, which is well before the December 2003 date provided by Lesley in his complaint. Lesley did not bring the instant action until March 25, 2004, and thus, to the extent that his claims are based upon charge number 210A12489, the claims are time-barred because they are beyond the 300 day limitation and because the suit was filed more than 90 days after the issuance of the notice of the right to sue.

We note that Lesley has also attached other charges to his complaint which he filed with the EEOC and the Illinois Department of Human Rights ("IDHR"). Lesley attached a charge filed with the IDHR (charge number 210-2003-32992). However, in the charge Lesley indicated that he was discriminated and eventually

5

fired on September 5, 2002. Since Lesley did not file the instant action until March 25, 2004, which is well after the 300 day limitations period, all claims based upon charge number 210-2003-32992 are time-barred.

Lesley also attached to his complaint a charge filed with the EEOC and IDHR (charge number 2002CF1029). However, the alleged discrimination is well beyond the 300 day limit and Lesley was issued a right to sue letter on September 18, 2003, and thus, he also failed to file suit in a timely fashion. Therefore, all claims based upon charge number 2002CF1029 are time-barred.

Finally, Lesley attached to his complaint a charge filed with the EEOC and IDHR (charge number 2003CF0401). However, the charges included in the complaint are solely related to occurrences in 2002, and therefore, the claims are beyond the 300 day limitations period. Also, as Lesley indicated in his charge number 210-2003-32992, Lesley's employment was terminated in September of 2002, and therefore, that would have been the date of the most recent discriminatory conduct. Therefore, all claims based upon charge number 2003CF0401 are time-barred.

We also note that, even if the claims were not time-barred, we would dismiss the ADA and ADEA claims because there were no related allegations in the EEOC charges appended to the complaint. *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1118 (7th Cir. 2001). Nor are the ADA or ADEA claims reasonably related to the charges. Also, Lesley has failed to include sufficient factual allegations in his

6

complaint regarding his ADA and ADEA claims to satisfy the notice pleading standard. Therefore, we grant the motion to dismiss the Title VII, ADA, and ADEA claims.

II. Section 1981 and Section 1983 Claims

Finally, the Department seeks dismissal of the Section 1981 and Section 1983 claims. A State is protected by the Eleventh Amendment "which precludes a citizen from suing a state for money damages in federal court without the state's consent. . . ." *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). Therefore, we grant the motion to dismiss the Section 1981 and Section 1983 claims.

CONCLUSION

Based on the foregoing analysis, we grant the Department's motion to dismiss in its entirety.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 13, 2004

7